UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSE RAMIREZ, individually and on behalf of
others similarly situated,

Case No. 19 Civ. 3429

**COMPLAINT**
**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

               **- against -**

M.L. SAN JOSE ENTERPRISES, CORP., (d/b/a
LIBERATO RESTAURANT) and MANUEL
ANTONIO LIBERATO, jointly and severally,

----------------------------------------------------------------X

       Plaintiff Jose Ramirez ("Plaintiff"), individually and on behalf of others similarly

situated, by and through his attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C., and

Retu Singla, Esq., upon his knowledge and belief, and as against M.L. San Jose

Enterprises, Corp., and Manuel Antonio LIberato (hereinafter collectively referred to as

"Defendants"), allege as follows:

## NATURE OF ACTION

1. This lawsuit seeks to recover minimum wage and overtime compensation for Plaintiff

   and his similarly situated co-workers – delivery car drivers – who have worked for

   Defendants, pursuant to the Fair Labor Standards Act, 29 U.S §§ 201 *et seq.*

   ("FLSA").

2. Plaintiff brings this action on behalf of himself and similarly situated current and

   former delivery car drivers who opt-in to this action pursuant to the FLSA

   specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy

   violations of the wage-and-hour provisions of the FLSA by Defendant that have

   deprived Plaintiff and others similarly situated of their lawfully earned wages.

3.  Plaintiff also brings this action on behalf of himself and similarly situated current and former delivery car drivers who worked for Defendant pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq*., and Articcle 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Minimum Wage Order for Miscellaneous Industries and Occupations, Part 142 of Title 12 of the Official Compilation of Codes, Rules and Regulations of the State of New York ("Wage Order" or "regulations").

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

5.  The Court also has jurisdiction over the Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.  This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

8.  Plaintiff is an adult residing in Bronx County, New York.

9. Defendants employed Plaintiff as a delivery car driver from in or around 2005/6 to in or around October 2018.

10. Plaintiff's duties involved using his own automobile to transport food to customers on behalf of Defendants.

11. Plaintiff consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

12. At all relevant times, Defendants owned, operated, or controlled a Latin American restaurant located at 10 W. Burnside Ave.  Bronx, New York 10453.

13. Defendant Antonio Manuel Liberato is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

14. Defendant Antonio Manuel Liberato is sued individual in his capacity as owner, officer and/or agent of Defendant M.L. San Jose Enterprises, Corp.

15. Defendant Antonio Manuel Liberato possess operational control over M.L. San Jose Enterprises, Corp.

16. Defendant Antonio Manuel Liberato possess operational an ownership interest in M.L. San Jose Enterprises, Corp. and controls significant functions of M.L. San Jose Enterprises, Corp.  He determines the wages and compensation of employees of Defendants, including Plaintiff, establishes the schedules of employees, maintains employee records, and has the authority to hire and fire employees.

17. At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

18. Upon information and belief, Defendants applied the same employment policies, practices and procedures to all employees who performed the same or similar duties as Plaintiff with respect to payment of minimum wage and overtime compensation.

19. At all relevant times herein, Plaintiff was employed by Defendants in Bronx County, New York, and was an "employee" within the meaning of 29 U.S.C. § 203(e).

20. At all relevant times herein, Defendants employed Plaintiff as an "employee", as defined by the Wage Order, 12 N.Y.C.R.R. § 146-3.2.

21. At all relevant times herein, Plaintiff was an "employee" of Defendants, as defined by NYLL § 2(5).

22. At all relevant times herein, Plaintiff was an "employee" of Defendants, as defined by NYLL § 190(2).

23. At all relevant times herein, Plaintiff was an "employee" of Defendants, as defined by NYLL § 651(5).

24. At all relevant times herein, Defendants were an "employer" of Plaintiff as defined in 29 U.S.C. § 203(d).

25. At all relevant times herein, Defendants were Plaintiff's "employer," as defined by NYLL § 2(6).

26. At all relevant times herein, Defendants were Plaintiff's "employer," as defined by NYLL § 190(3).

27. At all relevant times herein, Defendants were Plaintiff's "employer," as defined by NYLL § 651(6).

28. At all relevant times herein, Plaintiff was "employed" by Defendants, as defined by NYLL § 2(7).

29. At all times relevant herein, Defendant M.L San Jose Enterprises (d/b/a Liberato Restaurant) was an "enterprise" within the meaning of 29 U.S.C. § 203(r).

30. At all relevant times herein, Defendant M.L San Jose Enterprises (d/b/a Liberato Restaurant) was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

31. At all relevant times herein, Defendants were each a "person" within the meaning of 29 U.S.C. § 203(a).

32. At all relevant times herein, Plaintiff was an employee engaged or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 – 207.

33. Defendants, at all relevant times herein, has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

34. Upon information and belief, at all relevant times herein, Defendant had gross annual revenues in excess of $500,000.00.

35. Defendant is a covered employer within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiff.

## COLLECTIVE ACTION CLAIMS

36. Plaintiff brings the First Cause of Action, FLSA claims, on behalf of herself and all similarly situated persons who have worked as delivery car drivers or have performed

the duties of delivery car drivers as described above who elect to opt-in to this action
(the "FLSA Collective").

37. Consistent with Defendant's policy and pattern or practice, Plaintiff and the FLSA
Collective were not paid premium overtime compensation for all hours worked
beyond 40 per workweek.

38. Consistent with Defendant's policy and pattern or practice, Defendants violated the
FLSA prohibition against *kickback*s, 29 C.F.R. § 531-35, by requiring that Plaintiff
and the FLSA Collective purchase, insure, and maintain a vehicle, in order to perform
his duties as a car delivery driver by depriving them of minimum wages *free and
clear* because the costs associated with owning and maintaining a vehicle cut into
Plaintiff's minimum wages and overtime.

39. All of the work that Plaintiff and the FLSA Collective have performed has been
assigned by Defendant, and/or Defendant has been aware of all of the work that
Plaintiff and the FLSA Collective have performed.

40. As part of its regular business practice, Defendant has intentionally, willfully, and
repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with
respect to Plaintiff and the FLSA Collective.  This policy or practice includes:

    a.  willfully failing to pay its employees, including Plaintiff and the FLSA
Collective, premium overtime wages for hours that they worked in excess of 40
hours per workweek;

    b.  willfully failing to pay its employees, including Plaintiff and the FLSA
Collective, minimum wages for hours that they worked each workweek;

c.  willfully violating the FLSA prohibition against *kickback*s, 29 C.F.R. § 531-35, by requiring that Plaintiff purchase, insure, and maintain a vehicle, in order to perform his duties as a car delivery driver by depriving him of minimum wages *free and clear* because the costs associated with owning and maintaining a vehicle reduced Plaintiff's wages below the statutory minimum wage; and,

d.  willfully failing to record all of the hours that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

41. Defendant's unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice minimizing labor costs by failing to record the hours employees work.

42. Defendant is aware or should have been aware that federal law required them to pay employees performing non-exempt duties a minimum wage and overtime premium for hours worked in excess of 40 per workweek.

43. Plaintiff and the FLSA Collective perform or performed the same primary duties.

44. Defendant's unlawful conduct has been widespread, repeated, and consistent.

45.  Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings the Second, Third, and Fourth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

All persons who work or have worked for Defendants as delivery car drivers or individuals who performed the duties of a delivery car driver, including but not limited to, receiving food designated for delivery from Defendants and utilizing his/her personal vehicle, maintained by the individual employee, to deliver Defendants' customers' food, between March 27, 2013, and the date of final judgment in this matter (the "Rule 23 Class").

47. Excluded from the Rule 23 Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant and all other persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

48. The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

49. Upon information and belief, the size of the Rule 23 Class is at least 20 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

50. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

51. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to the following:

    i.   Whether Defendant violated the NYLL Articles 6 and 19, and supporting New York State Department of Labor regulations;

    ii.   Whether Defendant failed to pay Plaintiff and the Rule 23 Class less than the wage to which they were entitled in violation of NYLL § 663(1);

    iii.   Whether Defendant failed to pay Plaintiff and the Rule 23 Class less than the wage to which they were entitled in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4;

    iv.   Whether Defendant failed to furnish Plaintiff and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and overtime rate of pay as required by NYLL § 195(3);

    v.   Whether Defendant failed to furnish Plaintiff and the Rule 23 Class with a notice of terms of employment, as required by NYLL § 195(1);

    vi.   Whether Defendant failed to pay Plaintiff and the Rule 23 Class less than the wage to which they were entitled in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (spread of hour);

    vii.   Whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and,

       viii.  The nature and extent of class-wide injury and the measure of

damages for those injuries.

52. The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to

represent.  Plaintiff and all the Rule 23 Class members work, or have worked, for

Defendant as delivery car drivers, or whose primary duties include the duties of a

delivery car driver.

53. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the

NYLL to be paid for all hours worked, to be paid overtime wages, and to receive

accurate paycheck wage statements.

54. Plaintiff and the Rule 23 Class have all sustained similar types of damages as a result

of Defendant's failure to comply with the NYLL. Plaintiff and the Rule 23 Class have

all been injured in that they have been uncompensated or under-compensated due to

Defendant's common policies, practices, and patterns of conduct.

55. Plaintiff will fairly and adequately represent and protect the interests of the members

of the Rule 23 Class.  Plaintiff understands that as a class representative, he assumes a

fiduciary responsibility to the class to represent its interests fairly and adequately.

Plaintiff recognizes that as a class representative, he must represent and consider the

interest of the class just as he would represent and consider his own interests.

Plaintiff understands that in decisions regarding the conduct of the litigation and its

possible settlement, he must not favor his own interest over the class.  Plaintiff

recognizes that any resolution of a class action must be in the best interests of the

class.  Plaintiff understands that in order to provide adequate representation he must

be informed of the developments of the litigation, cooperate with class counsel, and

testify at deposition and/or trial. Plaintiff has retained counsel competent and experienced in complex large-scale wage and hour litigation. There is no conflict between Plaintiff and the Rule 23 members.

56. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

57. This action is properly maintained as class action under Federal Rule of Civil Procedure 23(d)(3).

58. The exact number of such individuals is presently unknown, but is known by Defendant and can be ascertained through the discovery process.

## FACTUAL ALLEGATIONS

59. Plaintiff is a former employee of Defendants M.L. San Jose Enterprises, Corp. (d/b/a LIberato Restaurant) and Manuel Antonio Liberato.

60. Defendants own, operate, or control a Latin American restaurant under the name of "Liberato Restaurant."

61. Upon information and belief, Defendant Manuel Antonio Liberato serves as owner, manager, principal, or agent of Defendant M.L. San Jose Enterprise, Corp. (d/b/a Liberato Restaurant).

62. Defendants employed Plaintiff as a car delivery driver from in or around 2005/6 to October 12, 2018.

63. At all times relevant to this Complaint, Defendants violated the FLSA prohibition against *kickback*s, 29 C.F.R. § 531-35, by requiring that Plaintiff, the FLSA Collective Class, and the Rule 23 Class, purchase, insure, and maintain a vehicle, in order to perform his duties as a car delivery driver by depriving him of minimum wages *free and clear* because the costs associated with owning and maintaining a vehicle cut into Plaintiff's minimum wages and overtime.

64. At all relevant times to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state laws, rules, and regulations.

65. Plaintiff, the FLSA Collective Class, and the Rule 23 Class also worked for Defendants in excess of 40 hours per week without appropriate wage and overtime compensation for the hours he worked.

66. For instance, Plaintiff worked more than 60 hours during the week of April 2, 2016, without being paid the statutory overtime premium

67. Plaintiff also worked more than 60 hours during the week of April 9, 2016.

68. During this period, Defendants failed to maintain accurate recordkeeping of the hours worked and also failed to pay Plaintiff, the FLSA Collective Class, and the Rule 23 Class, appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

69. During Plaintiff's employment, Defendants failed to pay Plaintiff, the FLSA Collective Class, and the Rule 23 Class, the required *spread of hours* pay for any day they had to work in excess of 10 hours.

70. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

71. Defendants failed to notify Plaintiff, in writing, at the time of hiring of the following information: (1) the rates of pay and basis thereof, (2) whether paid by the hour, shift, day, week or salary; and, (3) allowances, if any, claimed as part of the minimum wage, including lodging allowances, (4) regular pay day designated, (5) name of the employer, (6) any "doing business as" names used by the employer, 6) the physical address of the employer's main office or principal place of business, and, (7) the employer's telephone number, in violation of NYLL § 195(1)(a).

72. Defendants failed to notify Plaintiff, in writing, when Plaintiff's wages were changed, of the following information: (1) the rates of pay and basis thereof, (2) whether paid by the hour, shift, day, week or salary; and, (3) allowances, if any, claimed as part of the minimum wage, including lodging allowances, (4) regular pay day designated, (5) name of the employer, (6) any "doing business as" names used by the employer, 6) the physical address of the employer's main office or principal place of business, and, (7) the employer's telephone number, in violation of NYLL § 195(1)(a).

73. During the time that Plaintiff was employed by Defendants, Plaintiff was issued paystubs that did not conform to NYLL § 195(3), including, but not limited to the pay period being paid in the paystub and the number of hours that Plaintiff worked in the pay period.

### FIRST CLAIM OF RELIEF
### FAIR LABOR STANDARDS ACT
### OVERTIME

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the FLSA Collective.

76. Defendant failed to pay Plaintiff and the FLSA Collective overtime wages for all of the hours they worked in excess of 40 hours in a workweek.

77. As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

78. Defendant's unlawful conduct, as described in the Class Action Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in the Class Action Complaint were unlawful.  Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

79. Because of Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**
**MINIMUM WAGE**

80. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendant and protect Plaintiff and the FLSA Collective.

82. Defendant failed to pay Plaintiff and the FLSA Collective minimum wages for all of the hours they worked.

83. As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective have been deprived of minimum wage compensation in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

84. Defendant's unlawful conduct, as described in the Class Action Complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices described in the Class Action Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

85. Because of Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**THIRD CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**

## OVERTIME

86. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

87. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant, and protect Plaintiff and the members of the Rule 23 Class.

88. Defendant failed to pay Plaintiff and the members of the Rule 23 Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

89. Through their knowledge or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendant has willfully violated the NYLL Article 19 §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

90. Due to Defendant's violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

**FOURTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**MINIMUM WAGE**

91. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92. The minimum wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant, and protect Plaintiff and the members of the Rule 23 Class.

93. Defendants failed to pay Plaintiff and the members of the Rule 23 Class statutory minimum wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

94. Through their knowledge or intentional failure to pay Plaintiff and the members of the Rule 23 Class minimum wages for hours worked, Defendant has willfully violated the NYLL Article 19 §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

95. Due to Defendant's violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendant their unpaid minimum wages, liquidated damages as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**WAGE STATEMENTS**

96. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

97. The minimum wage provisions of Article 6 of the NYLL and its supporting regulations apply to Defendant, and protect Plaintiff and the members of the Rule 23 Class.

98. Defendants failed to provide Plaintiff and the members of the Rule 23 Class with a written statement concurrent with payment of wages which lists, *inter alia,* the

number of regular and overtime hours worked and the overtime rate of pay, to which

they are entitled under the NYLL § 195(3) and the supporting New York State

Department of Labor regulations.

99. Through their knowledge or intentional failure to provide Plaintiff and the members

of the Rule 23 Class with wage statements, Defendant has willfully violated the

NYLL Article 6 §§ 195 *et seq*.

100.    Due to Defendant's violations of the NYLL § 195(3), Plaintiff and the members

of the Rule 23 Class are entitled to recover from Defendant $5,000.00 in damages, as

provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and

prejudgment interest.

**SIXTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**NOTICE AT TIME OF HIRING**

101.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

102.    The minimum wage provisions of Article 6 of the NYLL and its supporting

regulations apply to Defendant, and protect Plaintiff and the members of the Rule 23

Class.

103.    Defendants failed to notify Plaintiff and the members of the Rule 23 Class in

writing at the time of hiring with a notice including, but not limited to, the following:

the rates of pay and basis thereof, whether Plaintiffs were to be paid by the hour,

shift, day, week, or salary: and allowances, if any, claimed as part of the minimum

wage, in violation of NYLL § 195(1)(a).

104.    Defendants failed to notify Plaintiff and the members of the Rule 23 Class in

writing at the time that their hourly rates of pay were changed with a notice including,

but not limited to, the following: the rates of pay and basis thereof, whether Plaintiffs

were to be paid by the hour, shift, day, week, or salary: and allowances, if any,

claimed as part of the minimum wage, in violation of NYLL § 195(1)(a).

105.    Through their knowledge or intentional failure to provide Plaintiff and the

members of the Rule 23 Class with notice statements, Defendant has willfully

violated the NYLL Article 6 §§ 195 *et seq.*

106.    Due to Defendant's violations of the NYLL § 195(1), Plaintiff and the members

of the Rule 23 Class are entitled to recover from Defendant $5,000.00 in damages, as

provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and

prejudgment interest.

**SEVENTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR**
**SPREAD OF HOURS**

107.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

108.    Defendants' willfully violated Plaintiff's and the members of the Rule 23 Class

rights by failing to pay them spread of hours compensation of one additional hour of

pay at the basic minimum hourly rate of pay when their workday lasted longer than

ten hours, in accordance with the NYLL and the Wage Order.

109.    Defendants' NYLL violations have caused Plaintiff and the members of the Rule

23 Class irreparable harm for which there is no adequate remedy at law.

110.    Due to Defendants' NYLL violations, Plaintiff and the members of the Rule 23

Class are entitled to recover from Defendants unpaid compensation, liquidated

damages, prejudgment interest, reasonable attorneys' fees, and costs and

disbursements in connection with this action, pursuant to New York State Labor Law

§ 663.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated

persons, respectfully requests that this Court grant the following relief:

a) That, at the earliest possible time, Plaintiff be allowed to give notice of this

collective action, or that the Court issue such notice, to all persons who work

or have worked for Defendants as a delivery car driver or individuals who

performed the duties of a delivery car driver, or have at any time during the

six years immediately preceding the filing of this suit, up through and

including the date of this Court's issuance of court-supervised notice, worked

for Defendant. Such notice shall inform them that this civil action has been

filed, of the nature of the action, and of their right to join this lawsuit if they

believe they were denied proper wages;

b) An award of unpaid overtime pay, an additional and equal amount as

liquidated damages pursuant to the FLSA and the supporting United States

Department of Labor regulations;

c) An award of unpaid minimum wage pay, an additional and equal amount as

liquidated damages pursuant to the FLSA and the supporting United States

Department of Labor regulations;

d)  Certification of this case as a class action pursuant to Rule 23 of the Federal
Rules of Civil Procedure;

e)  Designation of Plaintiff as representative of the Rule 23 Class and counsel of
record as Class Counsel;

f)  Designation of this action as a collective action on behalf of the Collective
Action Members and prompt issuance of notice pursuant to 29 U.S.C. §
216(b) to all similarly situated members of an FLSA Opt-In Collective,
apprising them of the pendency of this action, permitting them to assert timely
FLSA claims in this action by filing individual Consents to Sue pursuant to 29
U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the
Collective Action members.

g)  Issuance of a declaratory judgment that the practices complained of in this
Class Action Complaint are unlawful under the NYLL Article 6, §§ 198 *et
seq*., NYLL Article 19, §§ 650 *et seq*., and the supporting New York State
Department of Labor Regulations;

h)  An award of unpaid overtime pay, unlawful deductions, and other unpaid
wages, and 100% liquidated damages permitted by law pursuant to NYLL;

i)  An award of unpaid minimum wage pay, unlawful deductions, and other
unpaid wages, and 100% liquidated damages permitted by law pursuant to
NYLL;

j)  An award of damages pursuant to NYLL 195(1)(a);

k)  An award of damages pursuant to NYLL 195(3);

l)  An award of back pay for unpaid spread of hour pay due under NYLL, the

Wage Order, an additional and equal amount as liquidated damages permitted

by law pursuant to the Wage Order;

m)  Prejudgment and post-judgment interest;

n)  An injunction requiring Defendant to pay all statutorily required wages and

cease the unlawful activity described herein pursuant to NYLL;

o)  Reasonable attorneys' fees and costs of the action; and,

p)  Such other relief that this Court shall deem just and proper.

Date:  New York, New York
       April 17, 2019

The Law Offices of
Fausto E. Zapata, Jr., P.C.

By:

Fausto E. Zapata, Jr.
*Attorneys for Plaintiff*
277 Broadway, Suite 206
New York, New York 10007
Tel. (212) 766-9870
Email: fz@fzapatalaw.com

## CONSENT TO REPRESENTATION

THE FOREGOING IS UNDERSTOOD AND AGREED. I have carefully read and reviewed this letter, had an opportunity to ask questions regarding its effect, and sought the advice of my own (independent) counsel to the extent I deemed appropriate. I consent to the representation of myself and other members of the class and collective action by The Law Offices of Retu Singla and The Law Offices of Fausto E. Zapata, Jr., P.C., on the terms and conditions set forth in this letter and I waive any conflicts with regard to such representation.

Dated: _4 - 11 - 19_                    _____
                                        Jose Ramirez

4