UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE RAMIREZ, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>M.L. SAN JOSE ENTERPRISES, CORP. (d/b/a LIBERATO RESTAURANT) and MANUEL ANTONIO LIBERATO, jointly and severally,<br><br>Defendants. | Case No. 19-cv-3429 (LGS) |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

Robert N. Swetnick, Esq.
Joseph Johnson, Esq.
DUNNINGTON BARTHOLOW MILLER LLP

230 Park Avenue
New York, New York 10169
(212) 682-8811

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................ ii
**PRELIMINARY STATEMENT** ............................................................................................ 1
**STATEMENT OF FACTS** .................................................................................................. 2
**ARGUMENT** ..................................................................................................................... 7

    I.    **Ramirez offers no factual support to establish that there are any other similarly situated employees; conditional certification would be without any factual basis and improper**………………………………………………………………………………… 7

    II.    **Ramirez's court-authorized notice is flawed and incomplete.** ………………………. 9

    III.    **Expedited disclosure regarding other employees is unnecessary and should be denied.** …………………………………………………………………………………… 10

    IV.    **Equitable tolling should be denied** ……………………………………………………. 11

**CONCLUSION** ................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Fu v. Mee May Corp.*,
   2016 WL 1588132 (S.D.N.Y. Apr. 20, 2016, J. Failla) .................................................. 8

*Huertero-Morales v. Raguboy Corp.*,
   2017 WL 4046337 (S.D.N.Y. Sept. 12, 2017, J. Francis) ............................................ 8

*Joshi v. Flagship S B Amsterdam NY, LLC*,
   2018 WL 1135566 (March 1, 2018, J. Netburn) ......................................................... 7

*Knox v. John Varvatos Enters. Inc.*,
   282 F.Supp.3d 644 (S.D.N.Y. 2017) ......................................................................... 11

*Mata v. Foodbridge LLC*,
   2015 WL 3457293 (S.D.N.Y. June 1, 2015, J. Ramos) .............................................. 8

*Murray v. City of New York*,
   2017 WL 3531552 (S.D.N.Y. Aug. 16, 2017, J. Castel) ......................................... 8, 9

*Sanchez v. JMP Ventures*,
   2014 WL 465542 (S.D.N.Y. Jan. 27, 2014, J. Forrest) .............................................. 8

**Statutes**

29 U.S.C. § 203(m) ....................................................................................................... 3, 6

29 U.S.C. § 255 ................................................................................................................ 9

Fair Labor Standards Act, 29 U.S.C. § 216(b) ................................................................. 1

This memorandum of law is submitted by Defendants M.L. San Jose Enterprises, Corp. and Manuel Antonio Liberato (collectively, "Defendants") in opposition to Plaintiff Jose Ramirez's ("Ramirez") motion seeking conditional certification pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), together with court-authorized notice, and expedited discovery.

## **PRELIMINARY STATEMENT**

Conditional certification under the FLSA is by no means automatic. While a plaintiff need only make a modest factual showing, that showing is not met by unsupported assertions that do not establish a sufficient factual nexus between himself and the class he purports to represent. That class must be shown to be other employees, similarly situated, with respect to the very claims brought by the plaintiff in his individual capacity.

Here, Ramirez has failed to provide ***any*** level of detail whatsoever to substantiate his bald assertions that there are other similarly situated employees, to whom notice should be given of his individual claims. In this circumstance, his motion for conditional certification should be denied. As is more fully set forth in the argument section below, the balance of Ramirez's requested relief should also be denied.

## **FACTS**

The parties do not dispute that Ramirez was employed as a food delivery worker from in or around 2005-'06 to October 2018. Beyond that, however, there are very few specific, factually detailed, and non-conclusory allegations made in the Amended Complaint. Likewise, Ramirez's affidavit in support of his motion for conditional certification sets forth no evidentiary facts beyond a few self-focused details concerning his own employment. As a result, the record before the Court is devoid of any factual

1

basis upon which to conclude that there is a likely class of similarly situated employees with respect to the particular claims being brought by Ramirez.

1. Allegations of the Amended Complaint

With respect to the Amended Complaint, Ramirez attempts to plead three claims for relief under the FLSA: 1) failure to pay overtime wages, 2) failure to pay minimum wages, and 3) the payment of prohibited kickback wages. (*See*, Am. Cmplt. ¶¶ 119-137.) In the section of the Amended Complaint which is entitled "Collective Action Claims", Ramirez merely asserts a series of legal conclusions. (*Id.* ¶¶ 42-55.) These allegations are of no evidentiary value or significance whatsoever.

In the section of the Amended Complaint which is entitled "Factual Allegations", Ramirez attempts to give some degree of specificity, background and context to his three FLSA claims. (*Id.* ¶¶ 82-118.) In doing so, however, Ramirez merely demonstrates the conclusory and non-specific nature of these claims. Ramirez's affidavit does not try to and cannot salvage these fundamental deficiencies, nor does it demonstrate any class of similarly situated employees. It certainly does not establish any right to the relief requested by the motion *sub judice*.

a. Kickback wages allegations

As for the kickback wages claim, Ramirez alleges that he was required to purchase and maintain a car, put fuel in it and insure it, for which he was never reimbursed. (*Id.* ¶¶ 92-96.) He does not assert when he bought the car, how much he paid for it, whether he paid for it with his own money, to whom he paid the money, or how much he was paid per hour during the period of time when he utilized the car for work purposes. Nonetheless, Ramirez concludes that Defendants violated the FLSA

prohibition against kickbacks by effectively reducing his wages below the statutory minimum wage by reason of these expenses. (*Id.* ¶ 92.)

b. Overtime wage allegations

With respect to Defendants' alleged failure to pay overtime wages, Ramirez alleges that it occurred from 2013 through 2016, when he worked between sixty to seventy two hours per week without overtime or spread pay. (*Id.* ¶¶ 97-98.) In attempting to give greater detail, Ramirez identifies the week of April 2, 2016 as one during which he worked more than sixty hours without receiving pay equal to time and one-half. (*Id.* ¶ 99.) That is the full extent of the allegations pertaining to overtime wages. As set forth in the argument section, Ramirez's overtime wages claim appears to be fatally non-specific and untimely.[1] It is difficult to understand why any class of similarly situated employees should be given notice of an untimely claim. Moreover, it is axiomatic that if Ramirez has no overtime wages claim, he cannot represent a class with respect to any such claim.

c. Minimum wage allegations

With respect to Defendants' alleged failure to pay minimum wages, Ramirez complains of four allegedly violative practices: (i) that Defendants failed to properly give advanced notice to employees of Defendants' intention to take the tip credit to which they were entitled under the FLSA (*Id.* ¶¶ 100-101, 103);[2] (ii) that Defendants "maintained a policy and practice" of requiring Ramirez and others to take less than

---

[1] This action was commenced on April 17, 2019.

[2] Although not well pled by Ramirez, the basis for his claim is that an employer who fails to provide the required advanced notice cannot use the tip credit and must pay the tipped employee at least $7.25 per hour and permit him to keep all tips received. 29 U.S.C. § 203(m).

minimum wage (*Id.* ¶ 104);[3] (iii) that Defendants failed to maintain accurate recordkeeping of hours worked or to pay Ramirez for all hours worked (*Id.* ¶ 114); and (iv) that Defendants failed to pay the required spread of hours for any day in excess of ten hours (*Id.* ¶ 115).[4]

The only specificity whatsoever that Ramirez attempts to give regarding any of the foregoing minimum wage allegations is with respect to his tip credits allegations: He asserts that two different tip credit amounts, of $1.50 per hour and $3.50 per hour, were taken against his hourly wage of $9 per hour in January 2017, and from January 25, 2017 through December 31, 2017, respectively. (*Id.* ¶¶ 105-108).[5] However, Ramirez does ***not*** allege that Defendants did not pay him the tips to which he was entitled or took tip credit amounts that were greater than he received in tips. Rather, he is ostensibly alleging that because he did not receive the required advanced notices under the FLSA, he was entitled to a flat hourly rate of $7.25 per hour that was not met (by seven cents per hour). That is the full extent of Ramirez's allegations concerning minimum wages.

2. <u>Ramirez's affidavit lacks any foundation whatsoever and is wholly conclusory.</u>

In an attempted sleight of hand, in Ramirez's motion, he asserts in wholly conclusory fashion that he and similarly situated individuals were not paid minimum wages, overtime wages, and were subjected to prohibited kickback wages (in the

---

[3] Paragraph 104 of the Amended Complaint, as written, is unintelligible but Defendants assume the intended meaning.

[4] Paragraphs 102, 109-111, 117-118 of the Amended Complaint pertains to the New York State Labor Law claims and have no relevance here. With respect to paragraphs 112-113 and 116, they do not appear to be actionable allegations.

[5] Impossibly, Ramirez alleges that despite a two dollar increase by Defendants in the tip credit they were taking, Ramirez effectively earned one cent more per hour than he had been earning. (*Id.*)

4

identical general terms that are set forth in the Amended Complaint). (*See*, Dkt. 36: Ramirez's "Moving Memo." at pgs. 4-6.) A simple but close reading of Ramirez's supporting affidavit, however, yields that he has offered no foundational facts to support what are really legal conclusions regarding the FLSA.

In Ramirez's affidavit, he confirms that he was a food delivery worker for Defendants for a 12-13 year period commencing in 2005 or 2006 and ending in October, 2018. (See, Dkt. 35-3: "Ramirez Aff." ¶ 2.) He also claims that he worked at two different locations, but does not assert when, why or how often or with what frequency he worked at either such location during any period of time whatsoever. (Ramirez Aff. ¶¶ 4-5.) He does not assert with whom he worked at either location, by whom he was supervised, or any other foundational facts whatsoever.

With respect to the alleged prohibition against kickback wages, Ramirez makes a few self-focused assertions about his own purchase, use and maintenance of a car for work. (*Id.* ¶¶ 8-9.) However, in a dramatic leap of deduction, Ramirez then claims that Defendants required all food delivery workers at both restaurant locations to purchase and maintain their own mode of transportation, that is, own and maintain either a bicycle or motor vehicle. (*Id.* ¶¶ 6-7.) He does not assert a single fact or detail which might form the basis for his purported personal knowledge of such facts. He does not identify any particular food delivery worker, any single observation with respect to any particular worker, much less a single conversation that took place on any occasion. He does not claim to know whether any other delivery worker already owned a bicycle or motor vehicle at their time of hire, much less their respective dates of hire, or the cost of purchase or maintenance of any particular bicycle or motor vehicle. He does not even assert how much anyone was paid at any given time, much less contend that these

purported "kickback" expenses reduced anyone's effective hourly rate below the minimum wage. Indeed, Ramirez does not even state that his averments are based upon his personal knowledge. His affidavit is utterly devoid of any such foundational facts.

Likewise, Ramirez claims that Defendants imposed a policy and practice on all the food delivery workers of taking tip credits against hourly rates of pay. (*Id.* ¶ 10.) However, taking a tip credit, in and of itself, is not violative of the FLSA. 29 U.S.C. § 203(m). If that is what Ramirez is complaining about, it is non-actionable.

To the extent that Ramirez is really complaining that he did not receive sufficient advanced notice that tip credits were being taken, he does not even assert any such deficient notice with respect to any other food delivery worker. He does not identify a single observation about anyone in particular, much less a single conversation concerning the foregoing, at any time whatsoever. Plainly, Ramirez does not purport to know the hourly wage of any other food delivery worker at any time or the amount of tip credits taken against any of them on any particular occasion.

As for overtime wages, Ramirez provides even less detail and specificity than that set forth in the Amended Complaint. (Ramirez Aff. ¶ 12.) He simply repeats his claim that he did not receive time-and-a-half when he worked more than forty hours in a week, and that this was also true of food delivery workers. (*Id.*) The averment is plainly insufficient to substantiate his individual claims, and certainly does not demonstrate that there were other similarly situated employees who should be given notice of this deficient claim.

As a purported catch-all for his FLSA claims, Ramirez claims to know of at least twenty food delivery workers who have been subjected, generally, to Defendants'

policies and practices that reduced their pay to below the statutory minimums. (*Id.* ¶ 13.)[6] However, Ramirez does not name any such employee, much less any particular observation or conversation concerning any such employee at any time or place during his 12 year tenure which could serve as a factual predicate for any of his various conclusory assertions. As more fully set forth below, as a result, Ramirez's motion seeking conditional certification should be denied.

## ARGUMENT

### POINT I

**Ramirez offers no factual support to establish that there are any other similarly situated employees; conditional certification would be without any factual basis and improper**.

Ramirez seeks conditional certification under the FLSA solely based on the conclusory allegations contained in his Amended Complaint, and his even more cryptic and unsupported averments in his affidavit. The proof before the Court is woefully inadequate to support the motion, which should be denied.

Ramirez is not the first litigant to have sought conditional certification under the FLSA by making conclusory assertions about "similarly situated employees" that are bereft of any factual details which might support a logical inference that they are based on personal knowledge. Indeed, in this District, the courts routinely deny conditional certification where the motion lacks factual support sufficient to demonstrate any factual nexus between the plaintiff's claimed experience and a common practice or policy impacting particular employees in a situation which is sufficiently similar to that of the plaintiff. *See, e.g., Joshi v. Flagship S B Amsterdam NY, LLC*, 2018 WL 1135566

---

[6] Ramirez makes other unfounded assertions in his affidavit that relate only to his NYS Labor Law claims, which are not here relevant.

(March 1, 2018, J. Netburn)(sole support was a declaration of the plaintiff; he failed to provide any information regarding others' schedules, rates of pay, hours worked, or other foundational facts sufficient to find a common policy); *Huertero-Morales v. Raguboy Corp.*, 2017 WL 4046337 *3-4 (S.D.N.Y. Sept. 12, 2017, J. Francis)(sole support was a declaration of the plaintiff; his general and conclusory assertions that employees were similarly situated as to a common policy of time shaving were insufficient); *Sanchez v. JMP Ventures*, 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014, J. Forrest)(sole support was a declaration of the plaintiff; there were no details concerning the "observations" and "conversations" supporting the "common practice"); *Mata v. Foodbridge LLC*, 2015 WL 3457293 (S.D.N.Y. June 1, 2015, J. Ramos)(sole support was a declaration of the plaintiff; he failed to provide any detail as to a single observation or conversation regarding any coworkers); *Fu v. Mee May Corp.*, 2016 WL 1588132 *4-5 (S.D.N.Y. Apr. 20, 2016, J. Failla)(no factual support demonstrating knowledge of a common practice); *see also, Murray v. City of New York*, 2017 WL 3531552 *5-7 (S.D.N.Y. Aug. 16, 2017, J. Castel)(conditional certification denied; specific details concerning the "knowledge and experience" supporting the existence of a common policy or practice were lacking).

     Here, as in each of the foregoing cases, there is an insufficient factual basis upon which to conclude that there are employees of Defendants with potential claims that are sufficiently similar to that of Ramirez. Indeed, there is no such factual basis in the record before the Court.

     A related issue concerns the lack of specificity, generally, of the overtime claim. There must be specific allegations of how often one worked in excess of forty hours and for how many hours, and a specific allegation of the denial of overtime pay. *Murray v.*

8

*City of New York*, 2017 WL 3531552 *2-3. Here, Ramirez makes no such specific allegations. In the one instance in which he specifies a particular workweek, that week is beyond the two year statute of limitations (and is also beyond the three year period for willful violations). 29 U.S.C. § 255.[7] There is simply no basis for certification of such a claim.

In view of the foregoing, it is respectfully submitted that Ramirez's motion for conditional certification should be denied.

## POINT II

**Ramirez's court-authorized notice is flawed and incomplete.**

Ramirez has proffered a notice, for court approval, to be sent to all food delivery workers of Defendants over a three year period. (Dkt. No. 35-4: Ex. D; Moving Memo. at 12-13). That request is rendered moot by reason of his failure to support his conditional certification motion with a sufficient quantum of proof.

Assuming, *arguendo*, that the Court reaches the contents of the notice proffered by Ramirez, it does not accurately reflect his claims, as pled. Under Section 2, "What is this lawsuit about?", the notice inaccurately states that "[t]his lawsuit is about…reducing the hourly rate of pay by charging employees for gratuities that they did not receive (i.e., tip credits)…" (Ex. D, page 3 of 6.) In point of fact, **<u>nowhere</u>** does Ramirez allege that Defendants failed or refused to pay him the gratuities to which he was entitled. That is not the gravamen of his claim. Rather, Ramirez's claim is founded on an alleged technical violation concerning the advanced notice that had to be given to employees about the taking of tip credits, nothing more.

---

[7] The statute of limitations operates as a look-back period in this context.

9

Section 9, entitled "How will the lawyers be paid?" appears incomplete. It does not address the deduction of expenses, or the circumstance of a judgment being entered, and how fees would be calculated and awarded in that circumstance. Indeed, the "consent to join lawsuit" form (which accompanies the proffered notice), paragraph 2, contains the very omissions that should be set forth in the notice itself, *to wit*: (i) that reasonable costs and expenses will be deducted from any settlement or judgment on a pro rata basis; (ii) Ramirez's counsel will petition the Court for attorney's fees to be taken from any settlement or judgment amount (and the method of calculation of same). (Ex. D, page 6 of 6.)

In view of the foregoing material mistakes and omissions in the notice proffered by Ramirez, it is respectfully submitted that it must be rejected.

### POINT III

**Expedited disclosure regarding other employees is unnecessary and should be denied.**

Ramirez has asked for expedited disclosure of the names, social security numbers, and other information of food delivery workers (presumably over a three year period). (Moving Memo. at 14-15.) That request is rendered moot by reason of his failure to support his conditional certification motion with a sufficient quantum of proof.

Assuming, *arguendo*, that the Court reaches the issue of expedited discovery, it is unnecessary. Ramirez can and should proceed with discovery in the normal course of this action. Defendants should be presented with a discovery demand, and the opportunity to evaluate and assess the propriety of it and assert any proper objections.[8]

---

[8] Merely by way of example, issues raised by the lack of specificity in Ramirez's request are the time period (one year, two years, three years?) over which he would seek employee information, and from when Ramirez would have that period begin. These issues are not addressed by the moving papers and thus cannot be responded to.

To be sure, Ramirez is not entitled to simply cherry-chick certain issues for which he wants immediate disclosure. The request for expedited discovery should be denied.

## POINT IV

**Equitable tolling should be denied.**

It appears that Ramirez only seeks equitable tolling in the event that the Court denies the motion for conditional certification which is *sub judice*. (Moving Memo. at 15.) If his motion is granted, he apparently does not seek such relief. But if his motion is denied, Ramirez wants a blanket ruling that the statute of limitations should be tolled indefinitely (without reference to any start date). The request is patently improper and should be rejected.

In *Knox v. John Varvatos Enters. Inc.*, 282 F.Supp.3d 644 (S.D.N.Y. 2017), the District Court granted conditional certification. Nonetheless, the Court denied the request for equitable tolling. *Id.* at 657-661. The reason was simple: the doctrine only applies when a party has been pursuing his rights diligently, and has been prevented in some extraordinary way from exercising such rights. Since it is a highly fact-specific inquiry concerning what and when a plaintiff knew or should have known, the Court could not assess whether any potential opt-in plaintiff had diligently pursued his rights. *Id.* at 658. The doctrine does not concern the diligence of a pre-existing plaintiff (like Ramirez) who has already timely filed a claim. *Id.*

Here, Ramirez seems to think equitable tolling should apply -- with respect to indeterminate non-parties -- for an indeterminate amount of time, simply because courts sometimes take time to decide certification motions. (Moving Memo. at 16.) As the *Knox* decision makes clear, that is plainly not the focus of the first prong of the doctrine, which

11

Ramirez wholly ignores. *Id.* at 659. Since there has been absolutely no showing of the diligence (or lack thereof) of any of the indeterminate individuals to whom Ramirez would have the doctrine apply, equitable tolling should be denied.

Nor does Ramirez even bother to explain when he wants equitable tolling to begin: as of the date of his commencement of his suit or the date of filing of his motion. The presumption is apparently that plaintiffs should simply be granted blanket equitable tolling by dint of merely asking for it, no questions asked. Clearly, that is not the law.

Ramirez has wholly failed to identify the equitable tolling period he seeks, failed to articulate any reason for pursuing any such tolling period, and failed to make any evidentiary showing of the due diligence of any non-party seeking to pursue his rights. In view of this, his request for the application of this equitable doctrine should be denied.

## **CONCLUSION**

For all the reasons set forth above, is respectfully submitted that Plaintiff Jose Ramirez's motion should be denied in it is entirety; together with such other and further relief as the Court may deem proper in the circumstances.

Dated: New York, New York
September 9, 2019

                                      DUNNINGTON BARTHOLOW MILLER LLP

                                      By: ____/s/ Robert N. Swetnick_____
                                              Robert N. Swetnick

                                      230 Park Avenue, 21st Floor
                                      New York, New York 10169
                                      Phone: (212) 682-8811

                                      *Attorneys for Defendants*