THE LAW OFFICES OF
# FAUSTO E. ZAPATA, JR., P.C.

Broadway Chambers Building
277 Broadway, Suite 206
New York, New York 10007

Tel: 212-766-9870 / Fax: 212-766-9869
Email: fz@fzapatalaw.com
Web: www.LaborEmploymentLawFirm.com

January 29, 2021

*Via ECF*

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 17A
New York, New York 10007-1312

**MEMORANDUM ENDORSEMENT**

      Re:  Jose Ramirez v. M.L. San Jose Enterprises, Corp.
          (d/b/a Liberato Restaurant), SDNY Case No. 19
          Civ. 3429 (LGS)

Dear Judge Gorenstein,

  This office represents the Plaintiff in the above referenced matter. This action involves claims that my client, a former food delivery worker employed by Defendants, was not paid minimum and overtimes wages.

  I submit this letter motion seeking to leave to move to compel Defendants deposition testimony and seek sanctions, pursuant to Fed. R. Civ. P. 37, and to request an enlargement of the fact discovery deadlines, which are set forth in the Court's Scheduling Order, filed on **October 20, 2020. (ECF Dkt. No. 71.)** The deadlines set out in the aforementioned Order are as follows:

1. Completion of discovery: January 29, 2021
2. Status letter: February 15, 2021
3. Pre-trial conference letters: March 3, 2021
4. Pre-trial conference: March 17, 2021

If the instant application is approved, the Plaintiff proposes the following new deadlines:

1. Completion of discovery: February 27, 2021
2. Status letter: March 17, 2021
3. Pre-trial conference letters: April 2, 2021
4. Pre-trial conference: April 16, 2021

  The parties made joint applications for expansions of the discovery schedule November 29, 2019, February 20, 2020, March 20, 2020, April 6, 2020, May 8, 2020, and October 20, 2020. All of the applications were granted.

  Defendants do not object to Plaintiff's application for an enlargement of the discovery deadlines.

The relevant facts are as follows. On December 23, 2020, Plaintiff served: (1) Defendant Antonio Liberato with a Notice of Deposition scheduled for January 28, 2021; (2)  Defendant M.L. San Jose Enterprises with a FRCP Rule 36(b)(6) notice of deposition for January 26, 2021. Additionally, Plaintiff served Wendy Bueno with a subpoena on December 29, 2021, directing him to testify at a deposition on January 27, 2021.

On January 20, 2021, Martin Restituyo, Defendants' counsel, informed us, via email, that Mr. Liberato was not appearing at our scheduled deposition because it was his understanding that Mr. Liberato was in the process of retaining Norma Ortiz, Esq., "to assist him in the filing of a bankruptcy proceeding," and that it made little financial sense to continue to spend resources on this matter.

On January 22, 2021, we asked Mr. Restituyo to clarify which Defendant was going to file a petition in bankruptcy court and when the petition was going to be filed.  In response, Mr. Restituyo informed us that we should direct our inquires to Ms. Ortiz.

On January 25, 2021, our office responded by sending an email to both Mr. Restituyo and Ms. Ortiz and stated that Mr. Restituyo was the attorney of record and our office did not receive a notice of appearance from Ms. Ortiz identifying in what capacity she was representing Defendants and since Ms. Ortiz was not a member of Mr. Restituyo's firm, I did not see a reason to discuss the instant federal matter with Ms. Ortiz.  We also noted that Mr. Restituyo had not moved to be relieved as counsel.  In our email, we also reminded Mr. Restituyo that we had a FRCP 30(b)(6) deposition scheduled for January 26, 2021, and that Mr. Liberato's deposition was scheduled for January 28, 2021, and asked him to confirm that Mr. Liberato was going to be the FRCP 30(b)(6) witness.  Finally, we asked Ms. Ortiz and Mr. Restituyo if the bankruptcy petition was going to be filed prior to Friday, January 29, 2021, the deadline to complete depositions in the instant matter.

Mr. Restituyo responded to our email and stated that he would be happy to discuss the matter with my office later that day; however, he noted, the bankruptcy proceeding was a separate proceeding that is filed in a separate court and that Ms. Ortiz did not have to be a member of his law firm to file such a petition and move for a stay in the instant action without filing a notice of appearance.  Mr. Restituyo closed by stating that we were free not to speak with Ms. Ortiz before she initiated bankruptcy proceedings and that it was my client's prerogative not to do so; however, he warned, our office could not later claim ignorance.

In response, our office wrote that we were trying to gather the facts to Defendants' position to be able to alert the court as to the Defendants' decision to file for bankruptcy and then noted that it was still unclear as to who Defendants were asserting was going to file for bankruptcy.  We also explained that if only the corporation was declaring bankruptcy, then Mr. Liberato's decision simply refuse to appear for deposition would be grounds for sanctions. Additionally, I also noted that while I had a brief telephone conversation with Ms. Ortiz, I was under the impression that she was calling from Mr. Restituyo's office to alert me that a bankruptcy petition was going to be filed and we also noted that Ms. Ortiz did not send our office a notice of appearance.  We explained to Mr. Restituyo that in terms of communicating with Ms. Ortiz, we wanted clarification as to the matters that she was authorized to handle, e.g.,

limited representation or whether she was substituting Mr. Restituyo as counsel in the instant matter. We noted that Mr. Restituyo was still the attorney of record for Defendants and that under Local Rule 1.4, Mr. Restituyo could not withdraw without leave of the Court.

That same day I spoke with Mr. Restituyo and he informed me that his client had directed him to inform us that he was not appearing at our scheduled depositions and Mr. Restituyo told me that his client had told him that he was going to file a petition for bankruptcy protection with Ms. Ortiz. I explained to him that our discovery deadline was closing on January 29, 2021, and that Defendants decision to refuse to sit for depositions put us in a position where we would have to move to compel Defendants to sit for depositions and/or sanctions.

On January 26, 2021, our office received an email from Argilio Rodriguez informing us that he had been retained by Mr. Bueno in connection with his scheduled deposition the following day, January 27, 2021, and that he had to reschedule the deposition.

On January 28, 2021, I spoke to Mr. Restituyo concerning Plaintiff's intentions to move for sanctions and request an enlargement of the discovery schedule. We discussed the reasons for Defendants decision not to proceed with depositions and the fact that Defendants had retained a bankruptcy attorney. In any case, Mr. Restituyo indicated that he did not object to Plaintiff's application for an extension of discovery.

Based on the above, Plaintiff seeks an expansion of the discovery deadlines and leave to move for relief pursuant to Fed. R. Civ. P. 37 with respect to Defendants' refusal to attend their own depositions after having been served with proper notices.

Thank you in advance for your consideration.

Very truly yours,

Fausto E. Zapata, Jr.

C:  M. Restituyo
    N. Ortiz *(via email: ortizandortiz.onmicrosoft.com)*
    A. Rodriguez *(via email: argilio@lawrodriguez.com)*
    File

## MEMORANDUM ENDORSEMENT

19-cv-03429-LGS-GWG Document 75

The discovery completion date is extended to February 27, 2021.  The due dates for the status letter and the conference remain the same as per Docket # 71.  These dates are incorrectly rendered in the instant letter so the Court will repeat them here:  "The pretrial conference before Judge Schofield is adjourned to March 25, 2021 at 10:30 a.m., with pre-motion letters for that conference due March 11, 2021." (Docket # 71).

As for the deposition scheduling, Mr. Liberato and the corporate defendant obviously must cooperate in the scheduling the depositions unless both actually file a petition for bankruptcy.  If the defendants feel otherwise, they should respond to this letter by Tuesday, February 2, 2021.

If any future problems cannot be resolved with a telephonic conference, plaintiff may return to the Court with a new application.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
**February 1, 2021**