## **NEGOTIATED SETTLEMENT AGREEMENT & RELEASE**

This Agreement and Release ("Agreement") is made by and between M. L. SAN JOSE ENTERPRISES, CORP. and MANUEL ANTONIO LIBERATO, on the one hand, ("Defendants"), and JOSE RAMIREZ, on the other hand ("Plaintiff"). Plaintiff and Defendants are hereinafter collectively referred to as the "Parties."

WHEREAS, Defendants and Plaintiff are parties to a lawsuit in the United States District Court for the Eastern District of New York, entitled *Ramirez v M.L. San Jose Enterprises, Corp. et al*, 19-cv-03429 (LGS) (the "Civil Action");

WHEREAS, Defendants and Plaintiff to that lawsuit wish to reach a compromise of that Civil Action;

WHEREAS, the Parties understand and agree that Defendants for themselves and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities, deny each and every assertion of wrongdoing with respect to Plaintiff;

WHEREAS, the Parties understand and agree that neither the making of this Negotiated Settlement Agreement nor anything contained herein shall in any way be construed or considered to be an admission by Defendants of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiff. It is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims, contentions and differences of any kind whatsoever which have been or could have been alleged by the Parties against each other; and

WHEREAS, Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily enters into this Agreement in exchange for the promises contained herein and the full payment due from Defendants as provided for herein; and

WHEREAS, the Court has made no findings as to the merits of the Complaint; and

WHEREAS, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel;

NOW THEREFORE, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties each agree as follows:

1.  In consideration for the payment of FIFTY THOUSAND DOLLARS ($50,000.00) ("the Settlement Payment"), as set forth in Paragraph 2 herein, Plaintiff knowingly and voluntarily releases and forever discharges Defendants and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns ("RELEASEES"), to the full extent permitted by law, of and from any and all claims, known and unknown, asserted and unasserted, Plaintiff had, has or may have against RELEASEES from the beginning of the world up to and including the date of the complete execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Equal Pay Act of 1963;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990, as amended;
- The Family & Medical Leave Act of 1993, as amended;
- The Fair Credit Reporting Act;
- The Fair Labor Standards Act of 1938, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The New York State Executive Law § 296, the New York Human Rights law, as amended;
- The New York City Administrative Code;
- The New York Labor Law, as amended;
- The New York State Minimum Wage Law, as amended;
- The New York State Worker Adjustment and Retraining Notification Act;
- New York Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim, as amended;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; or
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any REALEASEES identified in this Agreement is a party.

In consideration of Plaintiff's general release, Defendants knowingly and voluntarily release and forever discharge Plaintiff, to the full extent permitted by law, of and from any and

2

all claims, known and unknown, asserted and unasserted, Defendants had, has or may have against Plaintiff, Plaintiff's affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

2. The Settlement Payment shall be made as follows:

   a. Within thirty (30) days of judicial approval of this Agreement and the dismissal of the Action with prejudice, Defendants shall cause Defendants' Firm to issue three checks made payable to:
      i. "Jose Ramirez": $12,500
      ii. "Law Offices of Retu Singla, P.C., A Working People's Law Center": $5,756.56
      iii. "The Law Offices of Fausto E. Zapata, Jr., P.C.": $6,743.44

   b. Within sixty (60) days of judicial approval of this Agreement and the dismissal of the Action with prejudice, and continuing every thirty (30) days thereafter for a total of sixteen months, Defendants shall issue the following checks:

      **I. Second Payment through Sixth Payment**
         i. "Jose Ramirez": $750.00
         ii. "Law Offices of Retu Singla, P.C., A Working People's Law Center": $375.00
         iii. "The Law Offices of Fausto E. Zapata, Jr., P.C.": $375.00
      **II. Seventh Payment**
         iv. "Jose Ramirez": $1,412.30
         v. "Law Offices of Retu Singla, P.C., A Working People's Law Center": $43.85
         vi. "The Law Offices of Fausto E. Zapata, Jr., P.C.": $43.85
      **III. Eighth Payment through Fifteen Payment**
         vii. "Jose Ramirez": $1,500.00
      **IV. Sixteenth Payment**
         viii. "Jose Ramirez": $2,500.00

   c. Any of the payments that are due to Plaintiff Ramirez under the this Negotiated Agreement & Release shall be sent via overnight traceable mail, either FedEx or UPS.

   d. Any of the payments that are due to Plaintiff Ramirez's attorneys under the this Negotiated Agreement & Release shall be sent via U.S. Postal Service First Class Mail.

   e. The addresses for these payments are as follows, unless otherwise specified:

      i. Jose Ramirez
        54 Featherbed Lane, Apt. 6G
        Bronx, New York 10452

     ii. The Law Offices of Fausto E. Zapata, Jr., P.C.
        277 Broadway, Suite 206
        New York, New York 10007

    iii. Law Offices of Retu Singla, P.C., A Working People's Law Center
        11 Broadway, Suite 615
        New York, New York 10004

     An IRS form 1099 shall be issued to "Jose Ramirez", "The Law Offices of Fausto E. Zapata, Jr., P.C.", and the "Law Offices of Retu Singla, P.C., A Working People's Law Center" for the amounts payable above, which shall require the execution and delivery to Defendants' Firm all documents necessary to effect this settlement, including IRS forms executed by Jose Ramirez, The Law Offices of Fausto E. Zapata, Jr., P.C., and the Law Offices of Retu Singla, P.C., A Working People's Law Center.

     3.    In the event Defendants fail to make any of the settlement payment installments when due, as set forth above, Plaintiff's counsel shall send a notice of default to counsel for Defendants, Martin E. Restituyo, Esq., via email or overnight traceable mail, either FedEx or UPS, at 1325 Avenue of the Americas, 28th Floor, New York, NY 10019. Defendants shall have ten (10) business days from the date of said notice to cure any such default (the "Cure Period").

     4.    Plaintiff Ramirez understands and agrees that Defendants shall not be liable for the withholding or payment of any taxes, except as to the payroll withholdings and deductions actually taken, and you agree to and do hereby indemnify and hold Defendants harmless for any assessment, interest, payment, penalty, or other fine or fee which might be imposed because any payment or benefit or the allocation of any payment or benefit is later subject to any type of tax or assessment, interest, payment, penalty, or other fine or fee.

     5.    Plaintiff understands and agrees that Plaintiff would not receive the Settlement Amounts specified in paragraph "1" and "2" above, except for the representations and promises made by Plaintiff in this Agreement.

     6.    Plaintiff affirms that he has not filed, caused to be filed, or is presently a party to any claim, complaint, or action against Defendants in any forum or form.

     7.    Plaintiff also affirms that Plaintiff, following the payments set forth in Paragraph 1 and 2, has been paid or has received all compensation, wages, bonuses, commissions, and/or benefits to which Plaintiff was or may be entitled or believes to be owed by Defendants to Plaintiff.

     8.    Plaintiff further affirms that Plaintiff has no known workplace injuries or occupational diseases.

9.   Plaintiff further affirms that he has not been retaliated against for reporting any allegations of wrongdoing by Defendants or its officers, including any allegations of corporate fraud. All Parties acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state, or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

10.   Plaintiff acknowledges that because of circumstances unique to Plaintiff including, but not limited to, irreconcilable differences with Defendants, Plaintiff is ineligible pursuant to this Agreement to hold any positions with Defendants or its affiliated entities or businesses now or in the future and shall not apply in the future for employment with Defendants or the RELEASEES. Further, Plaintiff agrees that if Defendants or the RELEASEES inadvertently hire Plaintiff, Defendants or the RELEASEES may terminate Plaintiff's employment immediately. This is a negotiated provision of this Agreement and not evidence of retaliation.

11.   The Parties acknowledge that the RELEASEES do not admit that they have done anything wrong or treated Plaintiff unlawfully, and the RELEASEES specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any duty or obligation that they may owe or may have owed to the Plaintiff.

12.   Upon delivery to the Defendants of this fully executed Agreement & Release, Plaintiff shall deliver to Defendants' counsel an executed Stipulation of Dismissal with Prejudice dismissing all claims in the Civil Action with prejudice against Defendants and without costs or fees assessed against any party except as provided for in this Agreement. Plaintiff shall then promptly file a motion for settlement approval with the Court seeking judicial approval of this Agreement & Release and the dismissal of the Civil Action against Defendants with prejudice.

13.   This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of his FLSA and NYLL claims and that the amount being paid to Plaintiff, as indicated in Paragraphs 1 and 2, is a fair and reasonable resolution to this *bona fide* dispute.

14.   Enforcement of this Agreement shall be governed and interpreted by and under the laws of the State of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

15.   No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

16.   This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

17. This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party as a beneficiary of this Agreement.

18. This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

19. In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders. This Agreement has been drafted jointly by all Parties, and therefore it shall not be construed strictly against any Party as the drafter.

20. This Agreement shall become effective upon its execution by all Parties. However, if the Court in the Civil Action refuses to approve this Agreement, the parties shall make all reasonable efforts to modify this Agreement to make it acceptable to the Court. If after conferring in good faith the parties are unable to do so, this Agreement shall become void and unenforceable.

21. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Civil Action.

22. This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

23. This Agreement supersedes all prior agreements or understandings of any kind, whether oral or written, and represents the entire Agreement. This Agreement is intended to memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the Parties. This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof

24. Each person executing this Agreement represents that he/she has consulted with an attorney prior to signing this Agreement. Plaintiff represents that he has determined that this Agreement is fair and reasonable under all circumstances and that this determination has been based solely upon his independent judgment after consulting with counsel. In making this determination, Plaintiff has had an adequate opportunity to discuss and assess the merits of all his claims and potential claims. The parties further represent that their respective counsel and agents have translated this Agreement from English to their native language (specifically, English to Spanish for Plaintiff).

25. Plaintiff states that his attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses. However, in the event either party brings an action to enforce the terms of this Agreement, the prevailing party shall recover from the other

6

party the costs and reasonable attorneys' fees arising solely from the action seeking to enforce the terms of this Negotiated Settlement Agreement & Release.

26.     Plaintiff Ramirez may accept this Negotiated Settlement Agreement & Release by signing it and returning the original executed Agreement, executed by Plaintiff Ramirez and W-9 forms for both Plaintiff Ramirez and his counsel, to counsel for Defendants at the address below. The Effective Date of this Agreement shall be the date on which counsel for Defendants receive the foregoing items so long as the FLSA Settlement Agreement has been approved by the Court and the parties have executed that and the related Stipulation of Dismissal dismissing the Action.

27.     Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in communicated via email and in writing sent via overnight traceable mail, either FedEx or UPS, to the parties' respective legal counsel. Notice shall be deemed communicated from the date of service. The addresses for notice are as follows, unless otherwise specified:

**For Plaintiff:**

Fausto E. Zapata, Jr., Esq.
The Law Offices of Fausto E. Zapata, Jr., P.C.
277 Broadway
New York, New York 10007
fz@fzapatalaw.com

**For Defendants:**

Martin E. Restituyo, Esq.
Law Offices of Martin E. Restituyo, P.C>
1325 Avenue of the Americas, 28th Floor
New York, NY 10019
restituyo@restituyolaw.com

REMAINDER OF PAGE LEFT BLANK

IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Agreement & Release.

Plaintiff:

_____
JOSE RAMIREZ

Defendants:

M.L. SAN JOSE ENTERPRISES, CORP.

By: _____

_____
MANUEL A. LIBERATO